# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GRISELDA SANCHEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC, *et al.*,<br><br>    Defendants. | ED CV 20-00083 TJH (SPx)<br><br>**Order**<br>[JS-6] |

    The Court has considered Plaintiff Griselda Sanchez's motion to remand, and Defendant FCA US LLC's ["Fiat Chrysler"] motion to dismiss, together with the moving and opposing papers.

    On August 10, 2014, Sanchez purchased a 2014 Dodge Grand Caravan ["the Caravan"] from Perris Valley Auto Center ["PVAC"]. Shortly thereafter, the Caravan, allegedly, had mechanical problems, which impaired its use and safety. Fiat Chrysler, allegedly, failed to repair the Caravan within a reasonable number of attempts. On August 28, 2019, Sanchez requested that Fiat Chrysler repurchase or replace the Caravan. Fiat Chrysler refused.

    On December 13, 2019, Sanchez filed this action against Fiat Chrysler in the Riverside County Superior Court, alleging various violations of the California

Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq*. ["Song-Beverly"]. On January 13, 2019, Fiat Chrysler removed based on diversity. Fiat Chrysler's answer was filed, effectively, on January 13, 2020. On January 23, 2020, Sanchez filed a First Amended Complaint, which joined PVAC as an additional defendant. Sanchez alleged a single claim against PVAC for breach of the implied warranty of merchantability under Song-Beverly.

Fiat Chrysler, now, moves to dismiss PVAC as a sham defendant, and Sanchez moves to remand.

If the Court permits the post-removal joinder of a defendant, and complete diversity is thereby destroyed, the Court must, then, remand the case. 28 U.S.C. § 1447(e). Here, Sanchez was entitled to amend her complaint as a matter of right, as it was done within twenty-one days after the filing of FCA's answer. *See* Fed. R. Civ. P. 15(a)(1)(B).

FCA argued that PVAC is not a necessary party because Song-Beverly requires manufacturers to indemnify retailers. *See* Cal. Civ. Code § 1790. However, automobile manufacturers and retailers owe different obligations to purchasers, with potential damages stemming from each of their actions. *Tiffin Motorhomes, Inc. v. Superior Court*, 202 Cal. App. 4th 24, 33 (2011). Moreover, PVAC's statutory right to indemnification from FCA does not preclude its liability to Sanchez. *See Tiffin Motorhomes, Inc.*, 202 Cal. App. 4th at 33.

Finally, FCA argued that the implied warranty of merchantability claim against PVAC is time barred. The Caravan was delivered to Sanchez on August 14, 2014, more than five years before Sanchez filed this action on December 13, 2019.

Every vehicle sold in California comes with an implied warranty of merchantability which runs coextensively with the manufacturers express warranty, but the implied warranty's duration cannot exceed one year from the date of delivery. Cal. Civ. Code § 1791.1(c). Thus, the Caravan must have been unmerchantable at the time of delivery or within one year after Sanchez took delivery of it. *See Mexia v. Rinker*

*Boat Co.*, 174 Cal. App. 4th 1297, 1308 (2009).  Once Sanchez discovered that her Caravan was unmerchantable during the implied warranty period, even if the date of discovery was beyond the one year implied warranty period, she had four years from the date of discovery to file suit.  *See Mexia*.

In her complaint, Sanchez alleged that her Caravan had defects within the one year implied warranty period that made the vehicle unmerchantable.  However, Sanchez did not allege when she discovered those defects.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all facts alleged in the complaint as true, and draw all reasonable inferences in favor of the Plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, at this time, it cannot be determined whether Sanchez's claim against PVAC is time barred.  Consequently, the claim against PVAC cannot be dismissed.

Because PVAC's joinder destroyed diversity, this case must be remanded pursuant to 28 U.S.C. § 1447(e).

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to remand be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: August 19, 2020

_____
𝕮𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊